**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Your Fantasy Warehouse, Inc.,**
***et al.*,**

        **Plaintiffs,**

        **v.**

**Timothy Hugh Dials,**

        **Defendant.**

**Case No. 2:24-cv-3979**

**Judge Michael H. Watson**

**Magistrate Judge Jolson**

## ORDER

This matter is before the Court on two motions filed by Interested Party Helen Dials: (1) an emergency motion for leave to appear remotely and file medical affidavits under seal, ECF No. 39; and (2) a motion to stay all proceedings pursuant to Federal Rule of Civil Procedure 17(c), ECF No. 40.[1]  For the reasons below, both motions are **GRANTED in part** and **DENIED in part**.

Initially, by way of important context, these motions come on the eve of an evidentiary hearing before the Undersigned scheduled for March 25, 2026.  *See* 1/28/26 Not. Order.  That hearing will concern Plaintiffs' motion for default judgment, ECF No. 37, and the alleged incapacity of Defendant Timothy Dials.

The Court begins with Ms. Dials's second motion, ECF No. 40.  Therein, Ms. Dials moves the Court to stay this case, including the evidentiary hearing,

---

[1] The Court notes that Ms. Dials is not Defendant's counsel in this case but rather serves as an "interested party" and appears to be filing motions in that capacity.

pending the appointment of a guardian *ad litem* for Defendant. ECF No. 40 at PAGEID # 963. Ms. Dials "intends to petition the Franklin County Probate Court for Emergency Guardianship" of Defendant and "provides notice that Emergency Guardianship proceedings may be initiated in Franklin County Probate Court, which would invoke the probate exception to federal jurisdiction." *Id.*

But determining whether Defendant is incapacitated is one of the key purposes of the evidentiary hearing, and it does not appear that Ms. Dials has actually filed any petitions for guardianship in state court. *See* ECF No. 40 at PAGEID # 964 (noting intent to petition "*should this matter proceed* despite the Defendant's documented incapacity" (emphasis added)); *id.* at PAGEID # 965 ("advising" the Court to consider a stay "*before* the additional complexity of parallel state probate jurisdiction arises" (emphasis added)). Because there is not a pending state-court action on the issue of guardianship, there is nothing to which the Court should defer. And even if there were, "a federal court need not dismiss or stay an action on account of parallel state court proceedings." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-00292, 2014 WL 4748430, at *3 (S.D. Ohio Sept. 23, 2014) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)). Accordingly, Ms. Dials's request to stay this federal litigation is **DENIED**.

Ms. Dials also complains in her second motion that, as an "interested party" with "the purpose of ensuring this Court fulfills its mandatory duty under Rule 17(c)," she cannot be compelled to appear before the Court. ECF No. 40 at PAGEID # 965. The Court agrees that Ms. Dials is not a party to the case and

has no duty to appear at the evidentiary hearing.  To the contrary, *she* has inserted *herself* into this litigation by claiming that Defendant is incapacitated and unable to continue representing himself *pro se*.  And, ultimately, one of the reasons for the evidentiary hearing is to determine whether *Defendant* is incompetent under Rule 17, not Ms. Dials.[2]  If Ms. Dials does not wish to assist her husband in presenting evidence of his incompetency or defending against default judgment, the Court will not force her to do so, and this portion of her motion is **GRANTED**, insofar as Ms. Dials has no obligation to appear at the hearing.  Defendant, however, must still appear in person.

Turning to Ms. Dials's first motion, ECF No. 39, she requests to appear at the hearing "via telephone or zoom" because she "is wheelchair-bound and bringing another sick individual [Defendant] to the [C]ourt."  ECF No. 39 at PAGEID # 960.  She argues that the Americans with Disabilities Act ("ADA") and the Rehabilitation Act require the Court to provide such remote opportunities as "reasonable accommodations."  *Id.*

---

[2] Ms. Dials repeatedly accuses the Court of failing to "fulfill its mandatory duty under [Rule 17] to protect" Defendant.  *See, e.g.*, ECF No. 40 at PAGEID # 965.  As the Court noted in its October 2025 Opinion and Order, federal courts need only consider whether Rule 17 applies if they are presented with "verifiable evidence" of incompetency."  ECF No. 33 at PAGEID # 924 (citation omitted).  Indeed, Rule 17 is not triggered simply because a litigant asserts his own incompetence.  *Id.* at PAGEID # 925.  Although Ms. Dials has submitted limited medical paperwork on Defendant's behalf, *see* ECF No. 36, the Court needs more information to make an incompetency finding—hence, the evidentiary hearing.  Ms. Dials's accusations in this regard, then, are premature.

To the extent that Ms. Dials intends to attend the evidentiary hearing (despite her protestations that the Court cannot compel her to do so), Ms. Dials's request for a remote appearance is **DENIED**.  The federal courthouse is ADA compliant to accommodate wheelchair-bound and other disabled litigants who seek access to the Court.  The Court also intends to assess Defendant's competency, a task that can hardly be done over the phone or via Zoom.  Finally, the Court scheduled the in-person evidentiary hearing in January 2026, *see* 1/28/26 Not. Order, so Defendant has had adequate time (nearly two months) to arrange for transportation to and from the courthouse.  Thus, though Ms. Dials need not appear, **Defendant must attend the evidentiary hearing in person**.

However, Ms. Dials's request to file supporting affidavits from Defendant's treating physicians under seal is **GRANTED**.  Ms. Dials is **ORDERED** to email, **by 9:00 a.m. on March 25, 2026**, scanned copies of the materials to the Undersigned's Chambers at the email address with which she has been communicating with the Clerk of Court.  The Clerk shall then file these materials on the docket under seal.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT